UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARK S. HERNANDEZ | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10-CV-2054 |
| | ) | |
| WILLIAM RAINEY HARPER COLLEGE, | ) | |
| | ) | |
| Defendants. | ) | **JURY DEMAND** |

## COMPLAINT

Plaintiff, Mark S. Hernandez ("Hernandez"), by counsel, John J. Lynch, Attorney at Law, as his Complaint against Defendant William Rainey Harper College ("Harper College") for violations of Title VII, 42 U.S.C. § 1981 and 42 U.S.C. § 1983, states as follows:

### Introduction

1. This is a Complaint against Harper College for violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII") and 42 U.S.C. § 1981 ("§ 1981") and § 1983 ("§ 1983).

### Parties

2. At all times material to the Complaint, Hernandez was a resident of St. Charles, Kane County, Illinois, and a citizen of the United States.

3. At all times material to the Complaint, Harper College was a government agency, specifically, a community college organized pursuant to the Illinois Public Community College Act, 110 ILCS 805/1-1 *et seq.*, with its main campus located in Palatine, Cook County, Illinois.

4. At all times material to the Complaint, Hernandez was an "employee" of Harper

College.

5. At all times material to the Complaint, Harper College was the "employer" of Hernandez.

**Jurisdiction**

6. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(3), 42 U.S.C. § 2000e-5(f)(3), and/or 42 U.S.C. § 1988, because the claims arise under the laws of the United States and involve federal questions based upon Title VII, § 1981 and § 1983.

7. In or about March 2009, Hernandez filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), Charge No. 440-2009-03333, alleging discrimination based on his national origin (Hispanic) and retaliation for his having complained of that discrimination. (A copy of that Charge will be filed within fourteen (14) days of the filing of this Complaint.)

8. In or about November 2009, Hernandez filed an amended charge of discrimination under the same Charge Number. The only difference in the amended charge is that the box for retaliation was checked. The body of the Charge remained the same. A copy of the Amended Charge is attached as Exhibit A.

9. On or about December 28, 2009, the United States Department of Justice, Civil Rights Division, issued to Hernandez a Notice of Right to Sue. A copy of the Notice of Right to Sue is attached as Exhibit B.

10. Hernandez received the Notice of Right to Sue on January 2, 2010. A copy of the US Postal Service Delivery Confirmation Page is attached as Exhibit C.

11. This case is filed within 90 days of Hernandez's receipt of the Notice of Right to

2

Sue and is timely filed pursuant to Title VII.

## Venue

12.     Venue is proper in this United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1391(b) because Hernandez is a resident of the Northern District, Harper College is located in the Northern District, and all or a substantial part of the events or omission giving rise to this Complaint occurred in the Northern District.

## Factual Allegations

13.     Hernandez applied for employment with Harper College in May 2007.

14.     As part of that application process, Hernandez interviewed with Douglas Spiwak ("Spiwak"), Harper College's Athletic Director.

15.     Harper College hired Hernandez in May 2007 as the head baseball coach as well as for Adjunct Faculty positions for the 2007-2008 academic year.

16.     Upon being hired in Hernandez in May 2007, Hernandez and an assistant coach immediately commenced recruiting activities in to recruit new members of the Harper College baseball team for the following season.

17.     Spiwak was aware of that activity by Hernandez and the assistant.

18.     Hernandez was the head baseball coach for Harper's fall baseball season (approximately September through November 2007).  He also ran training and conditioning drills during December 2007 and January 2008.

19.     Harper's official baseball season during that academic year ran from January through May 2008.

20.     In or about September 2007, Harper required Hernandez to submit to a non-fingerprint background check.

21. On information and belief, that background check returned numerous conviction records for the name "Mark Hernandez."

22. Despite the fact that Hernandez had provided his full name (including middle name), date of birth, social security number, and driver's license number, Harper relied on the fact that apparently there were multiple people named "Mark Hernandez" with criminal convictions.

23. At all relevant times, Hernandez had no criminal record.

24. Because of his name, "Mark Hernandez," Harper required Hernandez to submit his fingerprints for further background check.

25. Hernandez did so in or about October 2007.

26. On information and belief, Harper submitted Hernandez's fingerprints to the Illinois State Police.

27. Harper failed to follow up on the background check after it submitted the fingerprints.

28. More than six (6) months later, Harper advised Hernandez that he needed to re-submit his fingerprints to be cleared for employment, although it had been almost a year since Harper hired him.

29. Hernandez believed he was being singled out because of his Hispanic surname and ancestry, and was reluctant to provide the second set of fingerprints.

30. On information and belief, there were no non-Hispanic employees whom Harper required to undergo fingerprinting twice.

31. Hernandez made his complaint orally and via email to Harper's Human Resources Department, indicating that he was being singled out because of his Hispanic surname and

4

ancestry.

32. Despite his objections, Hernandez reported to Harper's Police Department to be re-fingerprinted because Hernandez wished to retain his positions as baseball coach and adjunct faculty member as well as his eligibility for other, full-time positions at Harper that he ahd discuss with Spiwak.

33. When Hernandez went to the Harper Police Department on or about May 21, 2008, Harper's Chief of Police ran a different background check that showed that Hernandez did not, in fact, have a criminal record and was cleared for continued employment with Harper.

34. Less than a week later, Harper terminated Hernandez's employment.

35. During his employment as an adjunct faculty member, Hernandez received positive evaluations from his students and, to his knowledge, no negative evaluations.

36. Hernandez was eligible for other, possibly full-time, positions at Harper at the conclusion of the 2007-08 academic year, and had expressed in interest in certain positions.

37. During his employment as head baseball coach, Hernandez was the only minority head coach at Harper.

38. On information and belief, no other head or assistant coaches were required to be fingerprinted.

39. As head baseball coach, Hernandez made every effort to recruit and cultivate players who could be successful students and successful athletes.

40. During his employment as head baseball coach, Hernandez was not made aware of a single formal complaint by any athlete, faculty member, staff member, or anyone else at Harper.

41. During his employment as head baseball coach and as an adjunct faculty member,

Hernandez received no formal written warnings or disciplinary action from Harper.

42. No student or student athlete ever complained to Hernandez about his teaching or coaching.

43. On information and belief, no student or student athlete ever complained to Harper about Hernandez's teaching or coaching.

44. In fact, at Harper's Spring Sports Banquet on or about May 22, 2008, Spiwak praised Hernandez to those present, which included student athletes, other coaches, parents, and administrators.

45. At that Banquet, Spiwak spoke highly of the baseball program's direction under Hernandez and the bright future Hernandez had with Harper.

46. Hernandez is not aware of any non-Hispanic coaches, adjunct faculty or other Harper employees who were terminated despite having received positive evaluations, no written complaints, no written warnings, and public praise of the work he had done.

### Count I – National Origin Discrimination in Violation of Title VII

47. Hernandez reasserts and incorporates herein the allegations in Paragraph 1 through 46, above, as if set forth fully herein.

48. By virtue of the foregoing, Harper discriminated against Hernandez because of his national origin (Hispanic) in violation of Title VII by requiring him to provide fingerprints, provide a second set of fingerprints on May 21, 2008, and by running an additional, more thorough background check on him on May 21, 2008.

49. The discrimination continued to, and culminated in, Harper terminating Hernandez's employment on May 27, 2008.

50. As a result of that discrimination, Hernandez has suffered emotional distress, humiliation, degradation, loss of employment, and other damages both pecuniary and non-pecuniary in nature.

WHEREFORE, Mark Hernandez respectfully requests that judgment be entered against Harper College, and that the Court award him back pay, lost benefits, front pay, compensatory damages, pre-judgment interest, reasonable attorneys' fees and costs, and such other relief this Court deems just and proper.

## Count II – Retaliation in Violation of Title VII

51. Hernandez reasserts and incorporates herein the allegations in Paragraphs 1 through 50, above, as if set forth fully herein.

52. Harper College retaliated against Hernandez because Hernandez objected to being singled out and treated differently because of his national origin (Hispanic) in violation of Title VII.

53. As part of that discrimination and retaliation, Harper terminated Hernandez's employment on May 27, 2008.

54. As a result of that retaliation, Hernandez has suffered emotional distress, humiliation, degradation, loss of employment, and other damages both pecuniary and non-pecuniary in nature.

WHEREFORE, Mark Hernandez respectfully requests that judgment be entered against Harper College, and that the Court award him back pay, lost benefits, front pay, compensatory damages, pre-judgment interest, reasonable attorneys' fees and costs, and such other relief this Court deems just and proper.

### Count III – National Origin Discrimination in Violation of 42 U.S.C. § 1981

55. Hernandez reasserts and incorporates herein the allegations in Paragraph 1 through 54, above, as if set forth fully herein.

56. By virtue of the foregoing, Harper discriminated against Hernandez because of his national origin (Hispanic) in violation of § 1981 by requiring him to provide fingerprints, provide a second set of fingerprints on May 21, 2008, and by running an additional, more thorough background check on him on May 21, 2008.

57. The discrimination continued to, and culminated in, Harper terminating Hernandez's employment on May 27, 2008.

58. As a result of that discrimination, Hernandez has suffered emotional distress, humiliation, degradation, loss of employment, and other damages both pecuniary and non-pecuniary in nature.

WHEREFORE, Mark Hernandez respectfully requests that judgment be entered against Harper College, and that the Court award him back pay, lost benefits, front pay, compensatory damages, pre-judgment interest, reasonable attorneys' fees and costs, and such other relief this Court deems just and proper.

### Count IV – Retaliation in Violation of 42 U.S.C. § 1981

59. Hernandez reasserts and incorporates herein the allegations in Paragraphs 1 through 58, above, as if set forth fully herein.

60. Harper College retaliated against Hernandez because Hernandez objected to being singled out and treated differently because of his national origin (Hispanic) in violation of § 1981.

61. As part of that discrimination and retaliation, Harper terminated Hernandez's employment on May 27, 2008.

62. As a result of that retaliation, Hernandez has suffered emotional distress, humiliation, degradation, loss of employment, and other damages both pecuniary and non-pecuniary in nature.

WHEREFORE, Mark Hernandez respectfully requests that judgment be entered against Harper College, and that the Court award him back pay, lost benefits, front pay, compensatory damages, pre-judgment interest, reasonable attorneys' fees and costs, and such other relief this Court deems just and proper.

**Count V – National Origin Discrimination in Violation of 42 U.S.C. § 1983**

63. Hernandez reasserts and incorporates herein the allegations in Paragraph 1 through 62, above, as if set forth fully herein.

64. By virtue of the foregoing, Harper discriminated against Hernandez because of his national origin (Hispanic) in violation of § 1983 by requiring him to provide fingerprints, provide a second set of fingerprints on May 21, 2008, and by running an additional, more thorough background check on him on May 21, 2008.

65. The discrimination continued to, and culminated in, Harper terminating Hernandez's employment on May 27, 2008.

66. As a result of that discrimination, Hernandez has suffered emotional distress, humiliation, degradation, loss of employment, and other damages both pecuniary and non-pecuniary in nature.

WHEREFORE, Mark Hernandez respectfully requests that judgment be entered against Harper College, and that the Court award him back pay, lost benefits, front pay, compensatory

damages, pre-judgment interest, reasonable attorneys' fees and costs, and such other relief this Court deems just and proper.

### Count VI – Retaliation in Violation of 42 U.S.C. § 1983

67. Hernandez reasserts and incorporates herein the allegations in Paragraphs 1 through 66, above, as if set forth fully herein.

68. Harper College retaliated against Hernandez because Hernandez objected to being singled out and treated differently because of his national origin (Hispanic) in violation of § 1983.

69. As part of that discrimination and retaliation, Harper terminated Hernandez's employment on May 27, 2008.

70. As a result of that retaliation, Hernandez has suffered emotional distress, humiliation, degradation, loss of employment, and other damages both pecuniary and non-pecuniary in nature.

WHEREFORE, Mark Hernandez respectfully requests that judgment be entered against Harper College, and that the Court award him back pay, lost benefits**,** front pay, compensatory

damages, pre-judgment interest, reasonable attorneys' fees and costs, and such other relief this Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

                Respectfully submitted,

                Mark S. Hernandez

By:     s/
                John J. Lynch
                One of Plaintiff's attorneys

John J. Lynch
Attorney at Law
190 S. LaSalle Street, Suite 850
Chicago, Illinois 60603
Ph: (312) 380-6553
IL ARDC No. 6225509